# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER JENKINS, dba J&S SYSTEMS, INC.,<br><br>                            Plaintiff,<br><br>vs.<br><br><br>SMEAD MANUFACTURING COMPANY, a Minnesota Corporation; CALIFORNIA SPACE MANAGEMENT, INC., dba FileFax, a California Corporation; and DOES 1 through 20, inclusive,<br><br>                            Defendant. | CASE NO. 09-CV-0261-IEG (BLM)<br><br>ORDER:<br><br>(1) GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT, and<br><br>(2) DENYING AS MOOT DEFENDANTS' MOTION TO TRANSFER VENUE.<br><br>[Doc. Nos. 24; 10] |

This is a patent infringement and an unfair competition case. Currently before the Court are Defendants' Motion to Transfer Venue, filed on June 29, 2009, and Plaintiff's Motion to File First Amended Complaint, filed August 27, 2009. [Doc. Nos. 10; 24]. Having considered the parties' arguments, and for the reasons set forth below, the Court GRANTS Plaintiff leave to file First Amended Complaint, and DENIES AS MOOT Defendants' Motion to Transfer Venue.

## BACKGROUND

Plaintiff, Peter Jenkins, dba J&S Systems, Inc. ("Jenkins") is an Ohio resident and is the holder of the U.S. Patent No. 5,902,440 ("the '440 patent"), which was issued by the United States Patent

and Trademark Office ("USPTO") on May 11, 1999. The invention covered under the '440 patent is a method for making paper labels having protective transparent covering. (Complaint, Ex. A at 2.) Jenkins alleges that he "markets his patented product in the Southern District of California and elsewhere." (Id. ¶ 1.) Jenkins further alleges that Defendant Smead Manufacturing Corporation ("Smead") is currently making, advertising, and selling clear label laminates that are "nearly identical in all respects, form and function" to the invention protected by the '440 patent. (Id. ¶ 11.) Smead distributes its clear label laminate products, which are called "ColorBar" ("ColorBar product"), through independent dealers. (Id. ¶ 13; Answer ¶ 13.) Defendant California Space Management, Inc., dba FileFax ("FileFax") is one such authorized dealer, having its place of incorporation and principal place of business in California. (Complaint ¶¶ 3, 14; Answer ¶¶ 3, 14.)

On February 12, 2009, Jenkins commenced this action by filing a complaint against Smead, a Minnesota Corporation, and FileFax, a California Corporation (collectively, "Defendants") alleging three causes of action: (a) for patent infringement in violation of 35 U.S.C. §§ 271, 281, (b) for unfair competition under Ca. Bus. & Prof. Code §§ 17000 et. seq., and (c) for unfair competition under the California common law.

On June 29, 2009, Defendants filed an answer to Jenkins' complaint and a Motion to Transfer Venue. Defendants admit that the venue is proper in the Southern District of California. (Answer ¶ 6.) Defendants, however, request that the Court transfer this case to the District of Minnesota pursuant to 28 U.S.C. § 1404(a). In support of their motion, Defendants allege that: (1) Jenkins, being a resident of Ohio, has no connection to the Southern District of California except for the presence of his counsel here; (2) Smead, having its headquarters and principal place of business in Minnesota, likewise "has no employees, offices or documents" in the Southern District of California; (3) the only connection that Smead has with the Southern District of California is due to its sale of 25 units of ColorBar product there (in six separate sales) out of the 6,818 units sold nationwide; (4) FileFax, apart from accepting orders for 20 of those 25 ColorBar products in the Southern District of California, had no other involvement in their development, manufacture, or creation; and (5) all of Smead's records as well as witnesses with knowledge of the conception and development of the ColorBar product are located in Minnesota. (Answer at 2-9.)

1       On July 24, 2009, Jenkins filed a Motion for Extension of Time to File Response and a Motion for Expedited Limited Discovery. [Doc. No. 15]. Jenkins' primary reason for the extension and limited discovery was to "adequately respond to Defendants' pending Motion to Transfer Venue" by discovering the identities of Smead's other dealers, so that they could be joined as parties. The Court granted both motions, giving Jenkins an extension of 30 days to file his response and allowing limited expedited discovery to address the venue motion. [Doc. No. 17].

      According to Jenkins, the limited discovery provided him with the identities of ninety companies that should be added as party defendants in this action (collectively, "Proposed Defendants"). As a result, Jenkins filed a Motion for Leave to File First Amended Complaint on August 27, 2009, seeking to add these Proposed Defendants as party defendants and seeking to add a cause of action for contributory infringement of the '440 patent as to each of them. Jenkins also filed his Opposition to Defendants' Motion to Transfer Venue on the same day, arguing that the convenience of the parties and witnesses did not favor a transfer to the District of Minnesota. Moreover, Jenkins argues that if the Court allows him to file an amended complaint, the addition of ninety new defendants favors keeping the case in the Southern District of California, seeing as the transfer to the District of Minnesota would be inconvenient for many of them.

## LEGAL STANDARD

      Federal Rule of Civil Procedure 15(a) allows a party to amend its pleading with leave of court after the period for amending as a matter of course has expired. Fed. R. Civ. P. 15(a)(2). Pursuant to Rule 15(a), "[t]he court should freely give leave when justice so requires." Id. The Ninth Circuit has construed this broadly, requiring that leave to amend be granted with "extreme liberality." Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990) (citation omitted); Poling v. Morgan, 829 F.2d 882, 886 (9th Cir. 1987) (noting "the strong policy permitting amendment" (citation omitted)). This broad discretion "must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981) (citing Conley v. Gibson, 355 U.S. 41, 47-48 (1957)).

      The Supreme Court has articulated five factors that the court should consider in deciding whether to grant leave to amend: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party;

(4) futility of amendment; and (5) whether the party has previously amended its pleadings. Forman v. Davis, 371 U.S. 178, 182 (1962); see also Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051-52 (9th Cir. 2003). Not all factors merit equal weight, however. Eminence Capital, 316 F.3d at 1052. "Prejudice is the 'touchstone of the inquiry under rule 15(a)'" and "carries the greatest weight." Id. (citations omitted). Nevertheless, "[f]utility of amendment can, by itself, justify the denial of a motion for leave to amend." Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995).

**DISCUSSION**

**I.     Amendment of Pleadings**

Based on the information received from the expedited discovery, Jenkins seeks leave to amend his complaint to add the Proposed Defendants as party defendants and to allege a cause of action for contributory infringement of the '440 patent against each of them. Defendants Smead and FileFax oppose the motion on two grounds. First, Defendants argue that the Court should postpone ruling on Jenkins' motion to amend until after the decision on Defendants' Motion to Transfer Venue. Second, and in the alternative, Defendants argue that Jenkins' motion should be denied because it is futile and because it is prejudicial to Defendant Smead.

A.     Futility of Amendment

According to Defendants, Jenkins' motion should be denied because the proposed amendment would be futile due to lack of personal jurisdiction and proper venue in the Southern District of California over the Proposed Defendants. Jenkins responds by arguing that Defendants lack standing to contest personal jurisdiction and venue on behalf of the Proposed Defendants. In the alternative, Jenkins contends that the First Amended Complaint makes a sufficient *prima facie* showing of personal jurisdiction and venue with regard to the Proposed Defendants.

> *i.     Defendants Smead and FileFax lack standing to object to lack of personal jurisdiction and improper venue, if any, as to the Proposed Defendants.*

Plaintiff correctly points out that Defendants lack standing to raise lack of personal jurisdiction or venue on behalf of the Proposed Defendants. Unlike subject matter jurisdiction, personal jurisdiction and venue represent a restriction on judicial power not as a matter of sovereignty, but as a matter of individual liberty. See Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee,

456 U.S. 694, 702-03 (1982) (personal jurisdiction); <u>Interior Const. & Imp. Co. v. Gibney</u>, 160 U.S. 217, 219-20 (1895) (venue). As a result, both are waivable by the affected parties, and therefore cannot be raised on their behalf by anyone else.[1] <u>See</u> <u>Sayles v. Pac. Eng'rs & Constructors, Ltd.</u>, No. 08-CV-676S, 2009 WL 791332, at *7 (W.D.N.Y. Mar. 23, 2009) (citation omitted) (defendant lacks standing to contest personal jurisdiction over a co-defendant); <u>Smithkline Beecham Corp. v. Geneva Pharmaceuticals, Inc.</u>, 287 F. Supp. 2d 576, 580 n.7 (E.D. Pa. 2002) (citation omitted) (same); <u>Vance Trucking Co. v. Canal Ins. Co.</u>, 338 F.2d 943, 944 (4th Cir. 1964) (citing <u>Camp v. Gress</u>, 250 U.S. 308 (1919)) (defendant cannot raise the defense of improper venue on behalf of a co-defendant); <u>Schoen v. Mountain Producers Corp.</u>, 170 F.2d 707, 713 (3d Cir. 1948) (citing <u>Camp</u>, 250 U.S. at 316) (same); <u>Pratt v. Rowland</u>, 769 F. Supp. 1128, 1132 (N.D. Cal. 1991) (citing <u>Camp</u>, 250 U.S. at 316) (same).

The Court concludes that Defendants lack standing to raise lack of personal jurisdiction or venue on behalf of the Proposed Defendants. Accordingly, because Defendants admit that personal jurisdiction and venue are proper as to them (<u>see</u> Answer ¶ 6), the Court finds that Defendants have failed to demonstrate that Plaintiff's proposed amendment will be futile.

    *ii.* *Defendants have failed to show that the proposed amendment would be futile.*

The Court also notes that Defendants failed to carry their burden of demonstrating that the proposed amendment, as a whole, will be futile. In a patent infringement case, venue is proper wherever "the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). A corporate defendant "resides" in any district where it is subject to personal jurisdiction. 28 U.S.C. § 1391(c); <u>see also</u> <u>VE Holding Corp. v. Johnson Gas Appliance Co.</u>, 917 F.2d 1574, 1578-80 (Fed. Cir. 1990). Where a State has more than one judicial district, a defendant "resides" in any judicial district in which the defendant would be amendable to personal jurisdiction if the district were a "separate state." <u>Brayton Purcell LLP v. Recordon & Recordon</u>, 575 F.3d 981, 984 (9th Cir. 2009) (citations omitted).

In the present case, the Court agrees with Defendants that there are serious doubts as to whether the venue in the Southern District of California is proper as to all of the ninety Proposed

---

[1] One exception to this rule, not applicable here, is where the co-defendant is an indispensable party. <u>See, e.g.</u>, <u>Camp v. Gres</u>, 250 U.S. 308, 316 (1919). In that case, any defendant can raise the lack of personal jurisdiction or venue over an indispensable co-defendant as a defense. <u>See</u> <u>id.</u>

1  Defendants. However, at this stage, it cannot clearly be established as to which particular defendants
2  the venue is proper and as to which it is improper. For example, Plaintiff alleges that at least twenty
3  three of the Proposed Defendants "maintain interactive websites from which they advertise, offer to
4  sell, take orders for, and/or accept payment for their products from customers and potential customers
5  in the Southern District of California and elsewhere." (Decl. of Robert E. LaCroix in Support of Pl.
6  Reply to Def. Opp. to Pl. Motion for Leave to File First Amended Complaint ¶ 3 (Sept. 17, 2009).)
7  If true, this could possibly support the propriety of personal jurisdiction and venue in this district as
8  to those defendants. See, e.g., Panavision Int'l L.P. v. Toeppen, 141 F.3d 1316, 1322 (9th Cir. 1998).

9  Accordingly, the Court agrees with Plaintiff that the propriety of personal jurisdiction and
10  venue over the Proposed Defendants should not be determined at this stage. Seeing as the issue of
11  personal jurisdiction and venue over the new defendants has not been fully briefed, it would be
12  "undesirable to resolve important legal questions on the basis of allegations which are incomplete."
13  See Breier v. N. Cal. Bowling Proprietors' Ass'n, 316 F.2d 787, 790 (9th Cir. 1963). Rather, Plaintiff
14  should be granted leave to amend his complaint, and the newly added defendants should be allowed
15  an opportunity to decide for themselves whether they would challenge the jurisdiction of this Court.
16  See id. at 790-91. If at that point the Court determines that the jurisdiction or venue are improper as
17  to any of the Proposed Defendants, the Court can always dismiss those particular defendants from the
18  case and proceed as to the others. See Anrig v. Ringsby United, 603 F.2d 1319, 1324 (9th Cir. 1979).

19  B.  Prejudice to Defendant Smead

20  In the alternative, Defendants argue that the proposed amendment should be denied because
21  it is "nothing more than an attempt to harass Smead into settling this case." The Court finds that this
22  argument is disingenuous at best. In considering the potential prejudice of the amendment, the court
23  considers whether the amended complaint would "greatly change the parties' positions in the action,
24  and require the assertion of new defenses." See Phoenix Solutions, Inc. v. Sony Elec., Inc., 637 F.
25  Supp. 2d 683, 690 (N.D. Cal. 2009) (citing Morongo Band of Mission Indians, 893 F.2d at 1079).
26  Notably, "where a defendant is on notice of the facts contained in an amendment to a complaint, there
27  is no serious prejudice to defendant in allowing the amendment." Sierra Club v. Union Oil Co. of Cal.,
28  813 F.2d 1480, 1493 (9th Cir. 1987), vacated on other grounds by 485 U.S. 931 (1988). In the present

1 case, the Court finds that Plaintiff made clear from the very beginning that he was going to amend the
2 complaint as soon as the identities of the other defendants were discovered. (See, e.g., Complaint ¶
3 4; Decl. of Robert E. LaCroix in Support of Mot. for Ext. of Time to Respond to Def. Mot. to Transfer
4 Venue; and Mot. for Leave to Conduct Exp. Lim. Discovery, Ex. G at 2 (July 23, 2009).) Moreover,
5 this was also the primary underlying basis for Plaintiff's request that this Court allow limited
6 discovery. (Pl. Mem. of P. & A. in Support of Mot. for Ext. of Time to Respond to Def. Mot. to
7 Transfer Venue; and Mot. for Leave to Conduct Exp. Lim. Discovery, at 2, 8-12 (July 23, 2009).)
8 Accordingly, because the Court finds that Defendants had notice of Plaintiff's proposed amendment,
9 the Court finds that Defendants have failed to show that amending the complaint to add ninety new
10 defendants would prejudice Defendants.

11 For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion for Leave to File First
12 Amended Complaint to add the Proposed Defendants as party defendants in this case.

13 **II.     Transfer of Venue**

14 The addition of ninety new defendants will undoubtedly change the venue analysis that this
15 Court has to undertake. As one example, the Court notes that Plaintiff alleges that out of the ninety
16 new defendants, twenty nine are "domiciled in and/or maintain a place of business in the State of
17 California," while only three are domiciled in the State of Minnesota, which is where Defendants want
18 the Court to transfer this action. (See Pl. P. & A. in Opp. to Def. Mot. to Transfer Venue, at 4 (Aug.
19 26, 2009).) Although Defendants have tried to address this argument in their reply to Plaintiff's
20 opposition to their motion, the Court finds that it does not have sufficient information at this stage of
21 the proceedings to determine whether the case should be transferred "[f]or the convenience of parties
22 and witnesses" and "in the interests of justice." See 28 U.S.C. § 1404(a). Accordingly, the Court
23 **DENIES AS MOOT** Defendants' Motion to Transfer Venue, subject to a renewal at a later time.

24 **CONCLUSION**

25 For the foregoing reasons, the Court finds that Defendants have failed to demonstrate that
26 Plaintiff's proposed amendment would be either futile or prejudicial to them. Accordingly, the Court
27 GRANTS Plaintiff leave to file First Amended Complaint. The Clerk of Court is directed to file
28 Plaintiff's First Amended Complaint, which is attached as Exhibit A to Plaintiff's Memorandum of

Points and Authorities in Support of Motion for Leave to File First Amended Complaint. [Doc. No. 24]. Moreover, the Court DENIES AS MOOT Defendants' Motion to Transfer Venue, subject to a renewal at a later time.

**IT IS SO ORDERED.**

DATED: October 28, 2009

_____
IRMA E. GONZALEZ, Chief Judge
United States District Court